**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 15-4594**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

DENIS B.L. KEARNEY,

                Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Greenville. J. Michelle Childs, District Judge. (6:15-cr-00125-JMC-1)

─────────────

Submitted: December 15, 2016      Decided: January 18, 2017

─────────────

Before NIEMEYER and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed and remanded by unpublished per curiam opinion.

─────────────

Lora Blanchard, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Denis B.L. Kearney appeals his sentence of 77 months of imprisonment for conspiracy to defraud the government, in violation of 18 U.S.C. § 371 (2012); and for purchasing a firearm with false identification, in violation of 18 U.S.C. § 922(a)(6) (2012). Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal, but questioning whether the sentence is reasonable. We affirm Kearney's conviction and sentence, but remand to the district court to correct a clerical error in the district court's judgment.

A guilty plea is valid where the defendant voluntarily, knowingly, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." United States v. Fisher, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). Before accepting a guilty plea, a district court must ensure that the plea is knowing, voluntary, and supported by an independent factual basis. Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).

Because Kearney neither raised an objection during the Fed. R. Crim. P. 11 proceeding nor moved to withdraw his guilty plea in the district court, we review his Rule 11 proceeding for plain error. United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014).

Our review of the record reveals that the district court fully complied with Rule 11 in accepting Kearney's guilty plea after a thorough hearing. Accordingly, we conclude that his plea was knowing and voluntary, see Fisher, 711 F.3d at 464, and thus "final and binding," United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

We review Kearney's sentence for reasonableness "under a deferential abuse-of-discretion standard." United States v. McCoy, 804 F.3d 349, 351 (4th Cir. 2015) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)), cert. denied, 137 S. Ct. 320 (2016). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Gall, 552 U.S. at 51. We presume that a sentence imposed within the properly calculated Sentencing Guidelines range is reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014).

We have reviewed the record and conclude that the court properly calculated the Guidelines range, treated the Guidelines as advisory rather than mandatory, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3353(a) factors, selected a sentence not based on clearly erroneous facts, and sufficiently explained the chosen sentence. Furthermore, Kearney's sentence of 77 months fell within the range recommended by the Guidelines. Therefore, we conclude that Kearney's sentence is reasonable.

Finally, we note that the district court's judgment incorrectly identifies the firearm offense to which Kearney pled guilty.  Rather than listing 18 U.S.C. § 922(a)(6), the judgment lists 18 U.S.C. §§ 922(g)(1), 924(a)(2), the applicable section numbers for Count 3 of the indictment, which was dismissed.  In order to prevent confusion over whether the offense Kearney was convicted of was Count 2 or Count 3, we remand this case to the district court to correct this clerical error pursuant to Fed. R. Crim. P. 36.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Kearney's conviction and sentence but remand to the district court for the limited purpose of correcting the clerical error in the judgment.  This court requires that counsel inform Kearney, in writing, of the right to petition the Supreme Court of the United States for further review.  If Kearney requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Kearney.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED AND REMANDED

4